Filed 12/16/13  In re Ruby C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re RUBY C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>RUBY C.,<br><br>        Defendant and Appellant. | F067086<br><br>(Super. Ct. No. 11CEJ600283-1V)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Gomes, Acting P.J., Franson, J., and Peña, J.

**INTRODUCTION**

On April 4, 2011, a petition was filed pursuant to Welfare and Institutions Code section 602 alleging that appellant, Ruby C., committed two counts of assault with a deadly weapon by means likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(1), counts 1 & 2).[1] It was further alleged that appellant inflicted great bodily injury on the victim (§ 12022.7, subd. (a)), the offense was a serious felony (§ 1192.7, subd. (c)(8)) and a violent felony (§ 667.5, subd. (c)(8)). At the conclusion of a contested jurisdiction hearing on July 19, 2011, the allegations were found to be true. At the disposition hearing on August 8, 2011, the juvenile court ordered that appellant spend 365 days in custody with credit for 126 days. Appellant was placed on probation and ordered to pay direct victim restitution of $4,493.47.

On January 23, 2013, a petition was filed pursuant to Welfare and Institutions Code section 777, alleging that appellant failed to obey the lawful directives of her parent/guardian and the probation officer, failed to obey curfew, failed to refrain from possessing gang clothing, failed to attend school and obey school rules, possessed a dangerous/deadly weapon, was found in possession of marijuana, and failed to obey the law by violating section 148, subdivision (a)(1). On March 13, 2013, appellant admitted the allegations.

On March 27, 2013, after considering all of the less restrictive alternatives for placement, the juvenile court ordered appellant's confinement with the Division of Juvenile Justice (DJJ). The court set appellant's maximum term of confinement at five years and found she had 536 days of custody credits. Appellant was ordered to pay her victim restitution fine and an additional restitution fine of $100.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## FACTS

### *Assault in 2011*

On March 29, 2011, appellant's 28-year-old neighbor was outside his apartment with his daughter who was nine years old. When the victim saw a boy who was also nine years old teasing his daughter, he told the boy to leave his daughter alone. The boy replied that he was going to call someone to beat up the victim. About 30 minutes later, appellant arrived with a second person and the boy. The victim was holding his daughter and handed her to his brother. Appellant pushed the victim and he pushed her back. The second assailant grabbed the victim from behind and wrapped his arms around the victim's neck. Although his brother pulled the second assailant away from the victim, appellant attacked the victim with a knife striking him in the arm and stomach. The victim suffered a deep laceration on the left forearm and a laceration on the left side of his stomach.

### *Probation Violation in 2013*

During the fall of 2012, appellant's attendance in school was poor, she was involved in a physical altercation in a classroom, and made gang comments on campus. Appellant was also a gang member. In January 2013, the police responded to appellant's residence. Appellant had gotten into a verbal confrontation with her guardian and broke out the windows of the home entertainment center. Appellant began to curse at investigating officers. When asked to leave the room, appellant charged at the officers. The officers grabbed appellant by the wrist and she began to resist them. Once arrested, appellant kicked the windows of a patrol car.

The probation officer's report noted that appellant's maximum term of confinement for all sustained offenses was seven years and recommended appellant's

3

confinement in DJJ.  The probation officer noted that appellant had completed an aggressive offender program, but maintained her gang affiliation and continued to escalate her delinquency.  Although less restrictive alternatives to DJJ were considered, the juvenile court found that they were inadequate to assist in appellant's rehabilitation and DJJ had more programs to assist her in her rehabilitation.  The court ordered appellant's placement in DJJ for five years.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende*, *supra*, 25 Cal.3d 436.)  By letter on August 26, 2013, we invited appellant to submit additional briefing.  To date, she has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.